FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE CARBY,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF KENNEWICK, MR. GUERRO (brother to Kennewick Chief of Police), Supervisor Benton County Jail, and RUDY RUELAS, Current Benton County Jail Supervisor<br><br>              Defendants. | NO. 4:25-CV-05106-TOR<br><br>ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant City of Kennewick's Motion to Dismiss (ECF No. 9). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant City of Kennewick's Motion to Dismiss (ECF No. 9) is GRANTED in part.

## BACKGROUND

On August 19, 2025, Plaintiff field a complaint alleging violations under the

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO
DISMISS~ 1

sixth and seventh amendments for her right to a jury trial. ECF No. 1 at 4. Additionally, Plaintiff cites numerous Washington statutes in support of her allegations, including RCW 9A.28.04, 10.31.100, 42.40, 26.20.030, 26.44, and 26.44.010. ECF No. 1 at 4. Plaintiff asserts that she is a whistleblower concerning alleged fraudulent elections within the City of Kennewick and Benton County, of which officials in those local governments were allegedly aware. ECF No. 1 at 4. Additionally, Plaintiff claims she was illegally detained on November 6, 2021. ECF No. 1 at 5. Plaintiff recognizes this may be outside the statute of limitations but wanted a pattern to be recognized. *Id.* Moreover, Plaintiff claims that she is proceeding *pro se* because the attorneys she contacted are conflicted out of representation with either the city, county, or state. ECF No. 1 at 6.

Furthermore, Plaintiff claims City of Kennewick violated her *Miranda* and due process rights and that they falsified documents. ECF No. 1 at 4-6. Plaintiff asserts that the falsification of documents led to this "situation" and began fourteen years ago. *Id.* Plaintiff states when she was illegally detained that she was not read her *Miranda* rights, was not booked, and did not get a phone call. She was in Benton County Jail and assaulted by the jail guards and a few inmates that left her in the Kadlec emergency room for two days. ECF No. 1 at 5. This left her with eight severe injuries including a hematoma. ECF No. 1 at 6. As a result of the illegal detainment, Plaintiff alleges she has PTSD and is receiving mental health

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 2

1    treatments.  ECF No. 1 at 6.  Moreover, Plaintiff was denied a right to a jury trial
2    for her trial that started on February 2, 2025, in Benton County.  ECF No. 1 at 3.
3           Also, Plaintiff claims that both municipalities manipulated the State
4    Supreme Court regarding their ruling on prayer in public schools which impacted
5    her and her children.  *Id.*  Plaintiff alleges a *Bivens* claim against federal officials
6    and a 42 U.S.C. § 1983 claim.  ECF No. 1 at 3.  Plaintiff was aiming to speak at
7    Benton Franklin Town Hall but she was illegally detained on the same day she had
8    a settlement conference.  *Id.*  Plaintiff continues to allege CPS/DCYF for crimes of
9    trafficking children and that many government officials know about it.  ECF No. 1
10   at 7.
11          Plaintiff is open to mediation instead of a jury trial but only if specific things
12   are in writing to pursue federal prosecution.  *Id.*  Furthermore, Plaintiff is
13   requesting $20,000,000 from the city and county for their crimes against her and
14   her children.  *Id.*
15          On October 2, 2025, Defendant City of Kennewick filed a Motion to
16   Dismiss.  ECF No. 9. Defendant asserts that the Complaint should be dismissed for
17   failure to state a claim, insufficient service of process, failure to plead liability
18   under *Monell*, and failure to satisfy mandatory pre-filing requirements.  ECF No. 9.
19          On November 10, 2025, Plaintiff filed a response in opposition of the
20   motion.  ECF No. 13.  In her response, Plaintiff argues that she met the

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO
DISMISS~ 3

requirements under Federal Rule of Civil Procedure Rule 8 and cites authority requiring less stringent requirements for *pro se* litigants. ECF No. 12 at 2. Plaintiff argues that her complaint is sufficient in facts and legal authority and provides locations, times, and actors. *Id.* Plaintiff claims that Defendant stating her complaint is incoherent is not supported and only conclusory. *Id.* Furthermore, she uses Washington authority to state that her pleadings only need to give fair notice of the claims and grounds. *Id.* Plaintiff shows that the prefiling requirement cited by Defendant is for claims against the state. ECF No. 12 at 4. Plaintiff recognizes that even though there is a statute for pre-filing requirement against local governments for state tort claims, she states she is alleging her claims are under § 1983. *Id.* Plaintiff claims that service is upheld when the defendant receives actual notice and is not prejudiced. *Id.*

Per LCivR 7(c)(2)(A), Plaintiff's response was due on November 3, 2025. On November 12, 2025, Defendant City of Kennewick filed a reply arguing Plaintiff's claims should be dismissed for failure to follow the rule. ECF No. 14.

## DISCUSSION

### A. Failure to State a Claim

For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 4

(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  This requires more than a simple "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545.  This also requires facts to support legal conclusions beyond simply stating conclusory legal statements.  *Iqbal,* 556 U.S. at 663; *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (stating that for a motion to dismiss, courts are not obligated to accept alleged legal conclusions as true factual allegations); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by factual allegations).  Essentially, it must give fair notice to the defendant to allow them to prepare a defense.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

However, a court must construe facts in the light most favorable to the opposing party of the motion and a court must take the allegations of the non-moving party as true.  *Twombly*, 550 U.S. at 556.  In addition, a plaintiff must "nudge[] their claims across the line from conceivable to plausible" otherwise plaintiff's complaint shall be dismissed.  *Twombly*, 550 U.S. at 570.  In other words, the "plausibility standard requires more than 'a sheer possibility that a defendant has acted unlawfully' but 'is not akin to a probability standard.'" *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).

Defendant claims that Plaintiff fails to a state claim.  ECF No. 9.  Defendant

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 5

1  claims that Plaintiff's pleading is confusing and for both reasons warrants

2  dismissal. ECF No. 9 at 2-5. The Court agrees.

3       Plaintiff does not allege elements or enough facts to support any one of her

4  claims. Plaintiff alleges some conclusory law statements, legal citations, and

5  elements with some supporting facts. The Court cannot determine the nature of

6  Plaintiff's allegations because a mere listing of statutes coupled with conclusory

7  and generalized assertions, fails to clarify the specific factual allegations

8  supporting each element of her claims. *United States v. United Healthcare Ins. Co.*,

9  848 F.3d 1161, 1180 (9th Cir. 2016) ("Broad allegations that include no

10  particularized supporting detail do not suffice."); *Kwan v. SanMedica Int'l*, 854

11  F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by

12  factual allegations). In other words, the Court cannot decipher the events and

13  specific assertions. Nonetheless, Plaintiff essentially does not allege sufficient

14  facts to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans,*

15  *Inc.*, 915 F.3d 643, 652–53 (9th Cir. 2019) (quoting *Interpipe Contracting, Inc. v.*

16  *Becerra*, 898 F.3d 879, 886 (9th Cir. 2018)). This also supports dismissal for

17  failure to state a claim. *Depot, Inc.*, 915 F.3d at 652–53. Even more, the Court

18  cannot determine whether certain claims are federal or state law claims.

19       The Court addresses the claims in turn. Any allegations not expressly

20  admitted or denied are not addressed because they fail to assert a cognizable legal

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO
DISMISS~ 6

theory or cause of action against this Defendant, or because such allegations are asserted against other defendants.

Plaintiff alleges a *Bivens* violations but does not allege which specific constitutional violation the claim is alleged under. ECF No. 1 at 3. "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). Plaintiff does not allege the identity of the federal agent who purportedly violated her rights, nor does she specify the constitutional provision under which the alleged violation arises for this *Bivens* claim. Moreover, the City of Kennewick is not a federal agency and does not employ federal agents. Accordingly, any claim premised on federal agency action, or the conduct of federal agents is inapplicable and cannot be asserted against the City of Kennewick. Therefore, Plaintiff fails to a state a claim for a *Bivens* violation.

**B. 42 U.S.C. § 1983**

Under 42 U.S.C. § 1983, municipalities may be liable "for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). This requires the plaintiff showing that there was "*deliberate*

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 7

action attributable to the municipality [that] directly caused a deprivation of federal rights." *Horton*, 915 F.3d at 603 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)). Additionally, if a plaintiff brings § 1983 claims against an individual officer, it must exhibit two things. "(1) a federal right has been violated and (2) the right was clearly established at the time of the violation." *Horton*, 915 F.3d at 599 (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). However, they are not liable under *respondeat superior*. *Id.* at 603. Specifically, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Defendant claims that Plaintiff's claim cannot survive under *Monell*. ECF No. 9 at 5; *Monell*, 436 U.S. at 694. If Plaintiff is alleging *respondeat superior*, then Defendant is correct because § 1983 bars that ability. Moreover, as required under § 1983, Plaintiff alleges failure to train and suggests a custom or municipal policy but does not actually allege one. ECF No. 1 at 3. Plaintiff does not provide facts about these injuries or who specifically is responsible for them. The same deficiencies exist with respect to any § 1983 claims Plaintiff purports to assert. Plaintiff does not meet the element requirements to plead under § 1983. Therefore, Plaintiff fails to state claim for any claims under § 1983. Regardless, Plaintiff fails to state a claim for additional reasons.

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 8

First, section 1983 claims "looks to the law of the State in which the cause of action arose" to determine the statute of limitations length. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Specifically, the state's statute of limitations for personal injury torts. *Id.* (citations omitted). Washington's personal injury tort statute of limitations is within three years. RCW 4.16.080. Additionally, for false arrests, it "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

Plaintiff alleges illegal detainment occurred on August 20, 2022, and November 6, 2021. ECF No. 1 at 5. The August 20, 2022, allegation statute of limitations expired on August 20, 2025. Plaintiff filed this claim on August 19, 2025. Therefore, this particular allegation is not barred by the statute of limitations. However, Plaintiff's November 6, 2021, claim is barred because the statute of limitations for that claim expired on November 6, 2024.

Plaintiff alleges *Miranda* rights and due process violations for not being able to speak to her attorney and not receiving a phone call. ECF No. 1 at 4-5. However, the remedy for these violations is not applicable in a civil action under § 1983. ECF No. 1 at 4. In other words, "a violation of *Miranda* is not itself a violation of the Fifth Amendment and" *Miranda* does not "confer a right to sue under § 1983." *Vega v. Tekoh*, 597 U.S. 134, 152 (2022). Plaintiff cannot sue under § 1983 because *Miranda* does not confer that right. *Vega v. Tekoh*, 597 U.S.

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 9

134, 152 (2022). Simply, not being read your *Miranda* rights does not automatically constitute a violation.

Regardless, Plaintiff does not state facts about when she asked for an attorney, asked for a phone call, who denied these requests, or any other details. Additionally, the Court does not recognize sufficient facts or elements for any due process violations either. The complaint does not give fair notice to Defendant, as it is unclear what actions or omissions allegedly gave rise to the asserted violations. For these reasons, these allegations fail to state a claim.

Plaintiff claims that she was denied a jury trial. ECF No. 1 at 4. Plaintiff references her case but when considering the sufficiency of a complaint for a motion to dismiss, the Court generally cannot consider anything outside the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (stating "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.") (citation omitted). Again, it is unclear the specifics of this legal conclusion. There is no indication that she timely asked for a jury trial or that she did have that right in the first place. A legal conclusion is not enough to survive dismissal.

It is also unclear if Plaintiff aims to allege this as a § 1983 claim. Furthermore, the remedy for a violation of a right to jury trial is usually vacating

1 the order denying the party's request for jury trial or vacating the judgment to
2 allow for a new trial. *See Mondor v. U.S. Dist. Ct. for Cent. Dist. of California*,
3 910 F.2d 585, 587 (9th Cir. 1990). However, Plaintiff requests damages instead.
4 ECF No. 1 at 5. For these reasons, Plaintiff fails to state a claim upon which relief
5 may be granted.

6 Under § 1983, to make a claim for an unlawful arrest as a violation of the
7 Fourth Amendment, the arrest must be without probable cause or another
8 justification. *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir.
9 2001). This can be proven by stating that there was not a valid arrest warrant when
10 the arrest occurred. *Id.* at 965. The plaintiff must prove that there was not
11 probable cause. *Id.* Then the burden shifts to the defendant. *Id.* Plaintiff states
12 the arrest was illegal, and there was not probable cause or a warrant. ECF No. 1 at
13 4.

14 **C. Washington Claims**

15 Under the Washington Constitution, an unlawful arrest claim or
16 unreasonable search and seizure violation is similar. RCW 10.31.100. Plaintiff
17 does not allege enough details regarding this claim. It is a legal conclusion without
18 sufficient facts. There must be enough sufficient facts to push these allegations to
19 plausible. *Twombly*, 550 U.S. at 570. Moreover, there is not enough specification
20 to put Defendant on notice of the issue. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO
DISMISS~ 11

Cir. 2011) (stating the claims must give fair notice to the defendant to allow them to prepare a defense or respond accordingly). Plaintiff alleges that the incident occurred twice but does not clarify whether one or both incidents occurred at her residence on the specified date, whether the same individual was involved, or whether the incidents arose under the same charges. Therefore, these facts do not support a claim.

Furthermore, Plaintiff alleges a claim under RCW 9A.28.04, however, that is not a statute. The Court assumes Plaintiff meant to allege a claim of criminal conspiracy under RCW 9A.28.040, however, this is under the Washington Criminal Code. While some statutes under the Criminal Code create a private right of action for damages, this must be explicitly stated or implied by passing the *Bennet* test. *Bennett v. Hardy*, 113 Wash. 2d 912, 921 (1990). Plaintiff has not alleged the elements of these crimes beyond legal conclusions or addressed whether this Court can consider these claims at all.

For similar reasons, RCW 26.20.030, 26.44, and 26.44.010 fails to state a claim because Plaintiff alleges legal conclusions and insufficient facts. These statutes include abuse and neglect statutes regarding children. RCW 26.20.030; 26.44, .010. Plaintiff alleges crimes against children by the Mormon Church, but this is not in the control of Defendant City of Kennewick. ECF No. 1 at 5. Furthermore, Plaintiff alleges trafficking of children by CPS/DCYF, but it is

unclear if Plaintiff is trying to lodge these claims against Defendant City of Kennewick or is generally making irrelevant allegations against a defendant not in this case. ECF No. 1 at 5. In other words, it is unclear how this defendant is responsible for these allegations. For these reasons, these allegations fail to state a claim upon which relief may be granted.

Plaintiff cites RCW 42.40 as one of her claims. ECF No. 1 at 4. Plaintiff alleges she is a whistleblower for fraudulent elections in the City of Kennewick and Benton County. ECF No. 3 at 4. This alleged chapter is Washington's State Employee Whistleblower Protection. RCW 42.40.010-910. However, this requires Plaintiff to be some form of a state employee, and a whistleblower as defined under RCW 42.40.020. RCW 42.40.020(2), (10)(a). However, Plaintiff has not alleged any facts for either of these requirements. ECF No. 1.

Defendant states that Plaintiff did not adhere to the filing requirements for negligence against a municipal entity or personnel under RCW 4.92.100. ECF No. 9 at 4-5. This statue is for claims against the state of Washington; however, RCW 4.96.020 is similar and is for tort claims against a municipal entity or personnel. RCW 4.96.020 requires Plaintiff to present all claims against the local entity to the agent by delivering a standard claim form, to them either in person or by mail, with return receipt requested. RCW 4.96.020(2). An action must not be commenced against any local government entity, officer, employee, or volunteer until sixty

1 days after presentment of the claims. RCW 4.96.020(4). As of now, Plaintiff does
2 not provide any attachments or facts that this was presented to the agent, as
3 required under RCW 4.96.020(2). RCW 4.96.020(2). Plaintiff sent her summons
4 by registered mail, but this is not the standard claim form as described in RCW
5 4.96.020. ECF Nos. 4; 11.

6 Plaintiff alleges guards assaulted her and that she received specific injuries
7 and was left in the emergency room. ECF No. 1 at 6. However, Plaintiff states in
8 her reply that she is not alleging state tort claims. ECF No. 12 at 3. However,
9 assault is a civil tort claim. *Carmody v. Trianon Co.*, 7 Wash. 2d 226, 234 (1941)
10 (assault and battery cause physical injuries that can result in an award of damages
11 from a civil case). So, Plaintiff either abandons this claim in her reply or must
12 comply with the state pre-filing procedures under RCW 4.96.020.

13 Similarly, Plaintiff alleges Defendant falsified documents, but it is a legal
14 conclusion. ECF No. 1 at 6. Plaintiff does not support this claim with facts about
15 any details or elements for this claim. Additionally, Plaintiff alleges claims about
16 a "mask mandate" but it is unclear what legal authority provides a claim for this
17 assertion. ECF No. 1 at 5.

18 The Court cannot establish the "plausibility" requirement because the Court
19 cannot decipher necessary specifics to consider the complaint. *Twombly*, 550 U.S.
20 at 570 (a plaintiff must "nudge[] their claims across the line from conceivable to

plausible"). Plaintiff asserts many legal conclusions without sufficient facts to determine that these claims are plausible. For these reasons, Plaintiff fails to state a claim and Plaintiff's claim against Defendant City of Kennewick are dismissed.

**D. Insufficient Service of Process**

Federal Rule of Civil Procedure Rule 4 provides the requirements to serve proper service. FED. R. CIV. P. 4. This rule is flexible and should be liberally construed. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984) (citation omitted). Rule 4(j)(2) explains the requirements to properly serve process to a state government organization, a state or municipal corporation. FED. R. CIV. P. 4(j)(2). Under this rule, to properly serve process, the person must either: "(A) deliver[] a copy of the summons and of the complaint to its chief executive officer; or (B) serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2). Under Washington State law, service is proper against a town or incorporated city in the State of Washington if the summons is served "to the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk thereof. RCW 4.28.080(2). When service is challenged, then Plaintiff has the burden to establish that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Defendant claims Plaintiff insufficiently serviced process. ECF No. 9 at 6. On August 29, 2025, Plaintiff filed a summons returned executed for both Defendants for registered mail. ECF No. 4. On November 10, Plaintiff filed a proof of service for both Defendants. ECF No. 11. This proof of service states that the mail was returned with receipt and that both Defendants signed it on August 25, 2025. ECF No. 11. However, the receipt of the mail is not attached to the proof of service, nor does it specify exactly who received the mail. ECF No. 11.

Plaintiff failed to properly serve process. Plaintiff did not deliver a copy of the summons or complaint to the chief executive officer of City of Kennewick. Plaintiff also did not properly serve summons or the complaint under Washington law. Plaintiff did not personally serve summons to any of the potentially required people listed in the statute. Instead, Plaintiff used certified mail to serve process. ECF Nos. 4; 11. This does not comply with the Federal or Washington rules and therefore, is insufficient service.

Under Rule 4(m), when "a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). When service is insufficient, "the district court has discretion to dismiss an action or to quash

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 16

service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). However, if a plaintiff shows good cause for the failure, then the Court must extend the time for service. FED. R. CIV. P. 4(m).

Plaintiff's Complaint was filed on August 19, 2025. ECF No. 1. That is 119 days from the date of filing to today, December 16, 2025. Plaintiff states they served process but does not provide reasons for this failure. ECF No. 12 at 3. Plaintiff requests additional time but did not provide good cause for the failure beyond stating it is sufficient. ECF No. 12 at 3-4. Therefore, good cause was not shown.

However, Plaintiff does use the rule of substantial compliance and actual notice to request the Court to recognize substantial compliance of service. ECF No. 12 at 3-4. Plaintiff cites *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). *Id.* While substantial compliance is the rule for sufficient notice, there is an exception to sufficient notice. Dismissal is not warranted "if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Plaintiff has not provided a justifiable excuse for the failure to properly effect service, offering only the conclusory assertion that she did so and

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 17

substantially complied. ECF No. 9 at 3-4.

Regardless, Plaintiff must still prove that she substantially complied with Rule 4 even if there is actual notice. Specifically, under Rule 4(j)(2), service by certified mail is not sufficient. *Reyes v. Fircrest Sch.*, No. C11-0778JLR, 2012 WL 3144915, at *3 (W.D. Wash. Aug. 1, 2012) ("certified mail is not sufficient under either prong of Rule 4(j)(2)"). While in *Reyes*, the requisite Washington state law was for service upon the Attorney General, the similarity shows that certified mail is not proper under RCW 4.28.080. *Id.* Furthermore, *Reyes* recognizes that another Washington District Court case recognized that the reasoning in *Borzeka* for adopting strict compliance for service upon the United States is applicable to service upon local governments. *Reyes v. Fircrest Sch.*, No. C11-0778JLR, 2012 WL 3144915, at *2 (W.D. Wash. Aug. 1, 2012); *Borzeka v. Heckler*, 739 F.2d 444, (9th Cir. 1984).

Even more, under Washington case law, the appellate court held that strict compliance with service requirements against local governments or municipalities is the applicable rule. *Meadowdale Neighborhood Comm. v. City of Edmonds*, 27 Wash. App. 261, 267 (1980) ("The foregoing authorities illustrate that in actions involving municipalities, strict compliance with the statutory requirements of service of process is a prerequisite to the court's acquiring jurisdiction over a city."). The Washington Supreme Court reiterated this when stating the

1  importance of the legislature to name a specific person to receive the summons and
2  complaint for that requisite government body. *Nitardy v. Snohomish Cnty.*, 105
3  Wash. 2d 133, 134–35 (1986). Process is insufficient and this further supports
4  dismissal. However, dismissal for untimely service must be a dismissal without
5  prejudice. *United States v. 2,164 Watches, More or Less Bearing a Registered*
6  *Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004) (citation omitted).

      The Court does not grant leave to amend because Plaintiff cannot amend her complaint to allege facts to fix insufficient process or create private rights of actions under some of these claims. Additionally, Plaintiff is lodging complaints against Defendant City of Kennewick when it appears some of these claims cannot be lodged against this defendant because they cannot possibly be liable or the cause of some of these allegations. However, Plaintiff did not make it clear what claims are against which defendants. In other words, amendment to allege specific facts would be futile. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend.").

### E. Claim-splitting

Plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (quoting *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688

(9th Cir. 2007)) (overturned for other reasons) (internal quotation omitted).  To determine whether claim splitting is present, the court considers "if the second suit involves (1) the same causes of action as the first; and (2) the same parties or their privies."  *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (citation omitted).

The Court recognizes the defendants in both of Plaintiff's cases (this case and 4:25-CV-05105-TOR) have a few different defendants, however, Plaintiff appears to allege many similar claims and facts.  If Plaintiff decides to refile, the Court realizes this may create issues of claim splitting or preclusion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED in part**.

Plaintiff's claims against Defendant City of Kennewick are **DISMISSED without prejudice.**

The District Court Executive is directed to enter this Order, enter judgment of dismissal, and furnish copies to counsel.

DATED December 16, 2025.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANT CITY OF KENNEWICK'S MOTION TO DISMISS~ 20