FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE LYNN CARBY,<br><br>                            Plaintiff,<br><br>     v.<br><br>MR GUERRO (brother to Kennewick Chief of Police), Supervisor Benton County Jail, and RUDY RUELAS, Current Benton County Jail Supervisor,<br><br>                            Defendants. | NO. 4:25-CV-5106-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION |

BEFORE THE COURT is Plaintiff's Motion for Rule 54(b) Certification (ECF No. 21).  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff's motion is denied.

**BACKGROUND**

The Court previously dismissed the City of Kennewick from this action without prejudice.  ECF No. 14.  Plaintiff subsequently appealed the Court's Order to the Ninth Circuit.  ECF No. 16.  On January 27, 2026, the Ninth Circuit

ORDER DENYING PLAINTIFF'S MOTION FOR RULE 54(b)
CERTIFICATION ~ 1

dismissed Plaintiff's appeal on the basis that the Order was not immediately appealable pursuant to Federal Rule of Civil Procedure 54(b).  ECF No. 20. Plaintiff now seeks an entry of final judgment as to the City of Kennewick with the express determination that there is no just reason for delay.  ECF No. 21.

**DISCUSSION**

Plaintiff contends that the Court's Order dismissing the claims against of the City of Kennewick was a final disposition of those claims and entry of a final judgment pursuant to Rule 54(b) will promote judicial efficiency.  ECF No. 21 at 2.  The Court disagrees.

Rule 54(b) provides in part:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case . . . . . However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991).  The Ninth Circuit first asks, "whether the certified order is sufficiently divisible from the other claims such that the "case would [not] inevitably come back to this court on the same set of facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015).  The equitable analysis

ORDER DENYING PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION ~ 2

ordinarily "is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id*. (citation omitted). Finally, the appeal must meet the "no just reason for delay" prong of Rule 54(b). *Id*. at 630. An appeal should not be certified if interlocutory review is more likely to cause additional delay than it is to ameliorate delay problems. For example, a Rule 54(b) certification for a partial adjudication of several related claims or issues in a routine case "does not comport with the interests of sound judicial administration." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005).

Here, Plaintiff's Complaint asserts claims against all the named defendants that arise out of the same set of facts related to Plaintiff's alleged unlawful arrest, detainment, and abuse by prison guards. ECF No. 1. Plaintiff alleges that the City of Kennewick facilitated her unlawful arrest and illegal detainment and colluded with Benton County Jail and its guards to cover up Plaintiff's abuse. ECF No. 1 at 4-5. Thus, the claims against the City of Kennewick are not factually distinct from the rest of the litigation, and the Court does not find granting Plaintiff's Rule 54(b) request comports with sound judicial administration. Rather, it risks unnecessary delay in the resolution of her current claims.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR RULE 54(b)
CERTIFICATION ~ 3

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Rule 54(b) Certification (ECF No. 21) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel and Plaintiff.

DATED April 3, 2026.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RULE 54(b)
CERTIFICATION ~ 4